IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAY RUSSELL JACKSON,<br>TDCJ-CID NO. 1738286, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-12-1978 |
| RICK THALER, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions<br>Division, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Clay Russell Jackson, an inmate of the Texas Department of Criminal Justice, brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Because Jackson challenges a state-court felony murder conviction that is currently on appeal in the Texas courts, this action will be dismissed for failure to exhaust state remedies. A jury convicted Jackson of murder and sentenced him to twenty-six years in prison. <u>State v. Jackson</u>, No. 126744801010 (174th Dist. Ct., Harris County, Tex., Aug. 29, 2011). Jackson filed an appeal, which is pending before the Court of Appeals for the First District of Texas. <u>Jackson v. State</u>, No. 01-11-00772-CR (Tex. App. – Houston [1st Dist.] filed Aug. 29, 2011). <u>See</u> Texas Court of Appeals Website, <u>www.courts.state.tx.us</u>.

Jackson asserts in his federal habeas petition that the Harris County Sheriff's Department has a policy that authorizes the lead detective to select which evidence will be tested for DNA (Docket Entry No. 1 at 7). He argues that this policy violates his constitutional rights. Jackson also argues that the State failed to provide him with potential exculpatory evidence that was in possession of the prosecution and that the prosecution knowingly allowed its main witness to give false testimony. He further argues that he has been denied effective assistance of counsel.

Under 28 U.S.C. § 2254(b), a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Scott v. Hubert, 635 F.3d 659, 667 (5th Cir. 2011). To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997), citing Picard v. Connor, 92 S. Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). The exhaustion requirement is based on the precept of comity. Coleman v. Thompson, 111 S. Ct. 2546, 2555 (1991). Federal courts follow this principle to afford state courts the first opportunity "to address and correct alleged violations of state prisoner's federal rights." Id. Therefore, a habeas petitioner must pursue his state court remedies before presenting his constitutional claims in a federal petition. See Rhines v. Weber, 128 S. Ct. 1528, 1533 (2005).

Jackson admits that his appeal of the state court's judgment is still pending (Docket Entry No. 1 at 7). He also admits that the grounds listed have been presented as challenges for the first time in his petition. Id. at 8. This court should not adjudicate a federal writ application while any issues are under review by the state courts. See Deters v. Collins, 985 F.2d 789, 797 (5th Cir. 1993) ("because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process"); see also Williams v. Bailey, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids"). Jackson must wait until the state courts issue a final decision. If the state courts have not considered all of his federal claims, his federal petition is subject to dismissal until the exhaustion requirement is met. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998), citing Rose v. Lundy, 102 S. Ct. 1198 (1982).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Should Jackson file a notice of appeal, this court **DENIES** the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

-3-

## Conclusion

1.   Jackson's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** to exhausting available state remedies.

2.   A Certificate of Appealability is **DENIED**.

3.   The Application to Proceed Without Prepayment of Fees (Docket Entry No. 2) is **GRANTED.**

4.   The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the Petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 9th day of July, 2012.

```
                    SIM LAKE
         UNITED STATES DISTRICT JUDGE
```

-4-

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


CLAY RUSSELL JACKSON,                §
TDCJ-CID NO. 1738286,                §
                                     §
               Petitioner,           §
                                     §
v.                                   §
                                     §   CIVIL ACTION NO. H-12-1978
RICK THALER, Director, Texas         §
Department of Criminal Justice,      §
Correctional Institutions            §
Division,                            §
                                     §
               Respondent.           §
```

## FINAL JUDGMENT

For the reasons stated in this court's Memorandum Opinion and Order entered this date, this action is **DISMISSED without prejudice**. A Certificate of Appealability is **DENIED**.

This is a **FINAL JUDGMENT**.

**SIGNED** at Houston, Texas, on this the 9th day of July, 2012.

                                        _____
                                                  SIM LAKE
                                        UNITED STATES DISTRICT JUDGE